MORGAN KEMP, administrator, plaintiff in error, *vs.* CYNTHIA KEMP, *et al.*, defendants in error.

MARY A. GRIFFIN, guardian, plaintiff in error, *vs.* THOMAS GRIFFIN, administrator, defendant in error.

Under the Constitution of 1868 and the Acts passed to carry the homestead clause therein into effect, neither the widow nor minor heirs of a deceased person have any right of homestead in the property of the deceased, as against the claims of the adult heirs to their distributive share under the statute of distributions.

Homestead.   Before Judges HARVEY and JOHNSON, Marion and Paulding Superior Courts, 1870.

On the 5th of September, 1866, Ezekiel Griffin, of said county, died intestate, leaving as his heirs at law, Mary Ann Griffin, his wife, and other named children and grand-children who were adults, and four children by said wife, who

were minors, Thomas Griffin, one of the adult sons, obtained letters of administration upon his father's estate on the 13th of October, 1866, and on the 5th of November, 1866, Mrs. Griffin had obtained letters of guardianship for said minors. Part of the property of which intestate died seized, were lots numbers one hundred and seventy-four, one hundred and seventy-six, one hundred and eighty-five, one hundred and eighty-six, one hundred and eighty-seven, two hundred and forty-six, two hundred and forty-seven, two hundred and forty-eight and two hundred and fifty-eight, in the second district of the third section of what is now Paulding county. Numbers two hundred and forty-seven and two hundred and forty-eight, the east half of number two hundred and forty-six, and the east half of number one hundred and eighty-seven, and the north half of number two hundred and forty-eight of said lands were assigned to said widower as her dower.

Afterwards, in January, 1869, the widow, as guardian of said minor children, applied to the Ordinary of said county to have a homestead for the use of said family of minor children, laid off out of the lands of said intestate. In due form of law a homestead was laid off for the use of said family of minors, consisting of said lots, numbers one hundred and seventy-four, one hundred and seventy-five, one hundred and seventy-six, one hundred and eighty-five, one hundred and eighty-six, the west half of number one hundred and eighty-seven, and the west half of number two hundred and forty-six. After this homestead was laid off and approved by the Court, according to law, the administrator advertized said lands for sale, under an order for leave to sell it, which order had been granted before said homestead had been applied for. Mrs. Griffin, as such guardian, filed her claim to said homestead lands, and said claim stood for trial in said Court.

Upon this state of facts, agreed upon, counsel for the administrator and guardian submitted to the Court whether said homestead lands could be sold by the administrator, un-

der the Constitution and laws of this State, and agreed to take a verdict according to the decision of Judge Harvey upon said question. After argument had, the Judge held that the adult heirs had an interest in said homestead lands of which the assignment of such homestead could not deprive said adults, and that the administrator could lawfully sell said homestead lands. Accordingly the jury found the homestead subject to be sold by said administrator. The guardian, by her counsel, says that the decision of the Judge was wrong, and, consequently, the verdict was without evidence, and prays a reversal of said decision.

GEORGE N. LESTER, for plaintiff in error. Homstead: Constitution 1868, Article 7, section 1; 40 Ga. R., 441 and Homestead Act. Distribution of estates: Revised Code, sections 2530, 2533. Vested rights: 39 Ga. R., 425, 285, 306.

JOHN O. GARTRELL, for defendant. On death, title to lands vests in heirs: Revised Code, sections 2220, 2447. Retrospective laws: T. U. P. Charlton's R., 194; R. M. Charlton's R., 324; 23 Ga. R., 407.

Kemp vs. Kemp et al., was this: Morgan Kemp, as administrator of John Kemp, was about to sell certain land of said John Kemp, when the sale was arrested by a claim, by the widow and others. At the trial, he showed that he was, as administrator, authorized by the Ordinary to sell said land; that John Kemp died seized and possessed thereof, on the 16th of April, 1866; that his heirs were his widow, now dead, Cynthia L. Kemp, and three minor heirs of his dead son; he owed nothing, and said sale was for distribution. Claimants read in evidence, over plaintiff's objection, an exemplification from the Court of Ordinary, showing that, in December, 1868, this land had been assigned to the widow as a homestead.

The Court charged the jury that, if said property was

John Kemp's at his death, and had been assigned, as a homestead, to his widow, his title was thereby divested, and the title was in the widow and her children, and they should find for the claimants. That is assigned as error.

BLANDFORD & THORNTON, for plaintiff in error.

No appearance for defendants.

McCAY, J.

The same question is involved in both these cases; that is, whether the homestead clause of the Constitution of 1868, and the Act of 1868, to carry the same into effect, so changes the statute of distributions as to give to the widow and minor children of a deceased person a homestead and exemption in his property, as against the claims of the other heirs-at-law to ther distributive shares.

There is *nothing* in the Constitution to justify such an inference. The whole tenor of the language is to make a provision, for the wife and children, against the claims of creditors. The language used is: "No Court shall have jurisdiction to enforce any *judgment, decree,* or *execution against the same.*" Constitution, Article VII., section 1. Necessarily, this must mean judgments for *debts,* and not judgments upon questions of title; since, to hold otherwise, would be to make the laying off of a homestead a judgment *in rem* against the world, as to the title of the property, and binding upon all claimants.

At the death of any one, intestate, the title to his real estate passes to his heirs-at-law, according to the Statute of Distributions. Is there anything in the Homestead Laws which looks to divesting titles—which authorizes any one to take a homestead in land belonging to another, to which another has title?

A creditor, even a judgment creditor, has no *title* to the property of his debtor. In this State, it is true, a *judgment* creditor has a lien upon the property; but the title is in the

debtor.  He may sell it, give it away, dispose of it as he pleases—the *title* is a good one.  Our law simply follows the property with the lien, and the discharge of that, at any time, relieves the new title of the burden.  If the property be carried out of the *State* and sold, the *lien* even does not follow it.  Before judgment the creditor has no interest at all.  The debtor may sell it, waste it, destroy it, spend it, burden it as he pleases, and the creditor is powerless.  But none of these difficulties attach to one who has the title.  The property is his.  And just here is the point of these cases.

In a solvent estate, the law casts the title, without burden, upon the heirs-at-law, according to the Statute of Distributions.  The share of the adult heir is just as truly and emphatically his, as is the share of the minor or the widow theirs; and there is nothing in the Homestead Laws to authorize any divesting of a title.  If the homestead be laid off before the death of the intestate, the title, by the statute, rests, and never passes to the heirs.  But, at the death, the whole real estate passes to the heirs.  If the title passes from the husband during his life, before the homestead is laid off, the right to homestead is gone, because the title is gone.  So, at the death, the title having passed to the heirs, the homestead is gone.

If the estate is insolvent, then, as against the claims of the *creditors*, the law declares the homestead to exist.  The heirs generally have, it is true, the *formal title*, but in their hands it is subject to the debts, and is worthless to them.  The assertion of the homestead is no wrong to them, because they really would get nothing.  The dispute is, then, between those who have claims upon the estate, creditors, and the wife and minors.  For all practical purposes, the title is in the administrator.  Indeed, under the Code, he may sue and recover from even the heirs; and the want of title in the property out of which the homestead is taken does not exist: Code, section 2450.

As to the question of equity, that is not for the Courts. There is often an equity in giving to the wife and minors a preference over the adult heirs. But if the Legislature see fit to so alter the Statute of Distributions, they can, in a very few words, so declare. There is no necessity for the machinery of a homestead. A simple provision declaring that, in the distribution of intestates' estates, the wife or minor children shall have such and such an amount or share more than others, is sufficient, and the administrator will so distribute it. It will be found, however, that sometimes such a rule will be very unfair. In one of the cases at bar, such a rule would take the share of the minor children of a deceased son of the intestate.

We are clear that it was not the intent of the Constitution to interfere with the distribution of intestates' estates among the heirs-at-law, and we reverse the ruling of the Court in the case of Kemp *vs*. Kemp, and affirm it in the case of Griffin *vs*. Griffin.