JOHN F. HEDICK, APPELLANT, VS. FRANKLIN M. HE-
DICK, AS ADMINISTRATOR OF THE ESTATE OF DAVID
L. HEDICK, DECEASED, AND MALINDA A. HEDICK,
APPELLEES.

1. Under the law of this State the homestead of a deceased head of
a family residing in this State does not go into the hands of the
administrator of his estate as assets for the payment of debts.
It descends to the heirs, subject to the dower of the widow
(when there is a widow), on the death of the ancestor. The
administrator should not be charged with services of a laborer
employed by the widow to care for and improve the homstead
of the deceased and to make crops for such widow thereon.

2. In a suit by an heir against the administrator of the estate of his
ancestor for an account and distribution of the assets thereof,
where it clearly appears from the proof, though not alleged in
the bill of complaint, that such an ancestor was the head of a
family residing upon a homestead in this State at the time of
his death, but where he owned more than one tract of land,
and the proof is indefinite as to which one of said tracts con-
stituted such homestead, the case is in such condition that, for
lack of information, no court of equity can make a decree for
an accounting by the administrator which, according to our
Constitution and laws respecting administrators and home-
stead exemptions, will properly protect the interests of the
heirs upon the one hand, and of the creditors of the estate
upon the other hand.

Appeal from the Circuit Court for Hernando
county.

The facts are stated in the opinion.

*Angus Paterson*, for Appellant.

*Shackleford & Simonton*, for Appellees.

LIDDON, J.:

The appellant was the complainant in the court below. He filed his bill as the only son and heir at law of one David L. Hedick, deceased, against the appellees, who were, respectively, the administrator and the widow of said decedent. The bill sought an account from said administrator of his administration of the estate, and from the widow an accounting to the administrator of the rents and profits of the homestead of said deceased, and other indebtedness of said widow to the estate for advancements made by the administrator to her.. The bill also prayed that creditors be required to establish their demands against the estate, and for the sale of the personal assets.

Answers were filed, issues made and the case referred to a master, and testimony was taken. In this testimony it appeared that the defendant, the widow, had been in possession of the homestead ever since the death of the deceased, about twelve years before the bill of complaint was filed. She had spent various sums in repairs and improvement of the property, and for the services of a hired man to take care of and improve the property, and to grow crops thereon for her benefit. All of this was allowed to her, deducting annual proceeds of oranges raised on the land, but not proceeds of other crops if any, in the master's report, and charged to the administrator. The widow was charged, and the administrator credited, with a sum annually for the rent of the homestead. Exceptions to the report were overruled, and the same was confirmed by the court.

The final decree directed that the unimproved real estate of the deceased be sold to pay a judgment re-

covered against the estate in the decree described, and
$511.04 to the defendant Melinda A. Hedick, and
$171.49 to the administrator, the respective amounts
found by the master to be due them from the estate.
The complainant was directed to pay to Melinda A.
Hedick the sum of $289.94, being one-half of the
amount due by him to the estate, as reported by the
master.    This is not a full statement of the facts of the
case, but is deemed sufficient.

There are many errors apparent in the record.    Ow-
ing to vital defects in the allegations of the bill of
complaint and the insufficiency of the proof, which
will be hereafter noticed, it is impossible upon this
record to properly administer justice between the par-
ties to these proceedings.    We have thought it best to
notice only one of these errors, which will be sufficient
to reverse the decree, and to remand the case, in order
that complainant may amend and remodel his bill of
complaint, and properly present the merits of his case
to the court.    The error referred to is in allowing in
favor of Mrs. Hedick, as a charge against the estate,
the cost of the labor of a hired man for twelve years
in improving the homestead of the deceased, and in
making crops thereon for Mrs. Hedick.    From the bill
in this case it appears that the deceased owned 520
acres of land situated in two disconnected parcels.
One of these parcels contained 440 acres, and the other
only 80 acres.    It also appears that he died possessed
of personal property of a value exceeding $1,500.    Not
from the bill of complaint, but from the evidence in the
case, it clearly appears that said David L. Hedick was
the head of a family residing in this State, and had
his homestead upon one or the other of these tracts of

land; which, does not clearly appear, but probably the smaller tract.

Under the law of this State the homestead did not go into the administrator's hands as assets for the payment of debts. It descended to the heirs, subject to dower of widow, on the death of the ancestor. If the administrator of an estate could in any case be charged with the services of a laborer employed by the widow to improve the lands of the deceased, and to grow crops thereon for the widow, he should not be charged with services of a laborer employed by the widow to care for and improve the homestead of the deceased, and to make crops for the widow thereon. Neither was he entitled to credit for the oranges raised on the homestead, or for any annual rental of the same. The correctness of these propositions will be fully demonstrated by reference to cases previously decided by this court hereinafter cited.

The fatal defect which makes it impossible to do justice between the parties, above alluded to, is that the bill does not show that the deceased was at the time of his death the head of a family residing in this State, and entitled to the benefit of the homestead and personal property exemptions provided by our Constitution and statutes. It being made to appear clearly, however, in other parts of the case, this court can not ignore the fact. While the fact that the deceased was the head of a family residing in this State is made clearly to appear by the proof, the proof does not clearly show a description of the land constituting the homestead of the deceased.

The complainant, if he desires to further pursue the case, should amend his bill of complaint, so as to present to the court his rights under the homestead and

personal property exemption provisions of our Constitution and statutes. He should clearly point out and describe the real estate occupied by the deceased as a homestead at the time of his death. Without such allegations it is impossible for the court to know what portions of the property, both real and personal, was exempt and descended to the heirs free of the claims of creditors, and what other portions became assets in the hands of the administrator for the payment of debts. Not having this information, no court can make a decree for an accounting by the administrator which, according to our Constitution and laws respecting administrations and homestead and other exemptions, will properly protect the interest of the heirs upon the one hand, and the creditors upon the other. In further steps in the case it would be useful to the complainant to consult the following opinions bearing more or less directly upon the case at bar. Baker vs. State, 17 Fla. 406; Carter's Administrators vs. Carter, 20 Fla. 558; McDougall vs. Brokaw, 22 Fla. 98; Barco vs. Fennell, 24 Fla. 378, 5 South. Rep. 9; Godwin vs. King, 31 Fla. 525, 13 South. Rep. 108.

It may be useful here also to remark that a prayer in a bill against an administrator and widow for an accounting of the assets of an estate received by them, or of their indebtedness to the estate, should not be joined with prayers for an accounting by the widow for the rents and profits of the homestead. These latter are things with which the administrator has no connection whatever, and the unnecessary mixing of the two different matters in one bill would make the same demurrable for multifariousness.

The decree of the Circuit Court is reversed, with directions that the complainant have leave to amend his

bill of complaint, and that such further proceedings be had as may be in accordance with equity and this opinion.