ARTHUR W. SPITZER v. BRIGGS BRANNING, *et ux.*

184 So. 770.

Opinion Filed November 16, 1938.

Rehearing Denied December 16, 1938

*Stanley Milledge,* for Appellant;

*Hudson & Cason,* for Appellees.

BUFORD, J.—The appeal brings for review an order denying motion for decree in favor of the complainant on bill and answer and holding the answer sufficient as a defense.

The facts, as we gather them from the record, are that, William H. Spitzer died testate in June, 1930; his widow and an adult son, appellant here, were his sole heirs. By his will he bequeathed and devised all of his property to trustees for the benefit of his widow, his son and two grandsons. The widow dissented from the will and elected to take a child's part of all decedent's property.

Statutory proceedings were instituted to allot to the widow a child's part of the estate. Commissioners were appointed and reported. The County Judge approved Commissioners' division of decedent's property and this conclusion purported to vest in the widow the fee simple title to the property involved in this suit.

The record shows that while the property here involved was the homestead of William H. Spitzer at the time of his death, that fact was not brought to the attention of the County Judge in the allotment proceedings. The property not set apart to the widow was held by the trustees named in decedent's will for the benefit of the appellant and two grandsons of the decedent.

In October, 1932, the widow died testate, devising the property involved in this suit which, as above stated, is now shown to have been the homestead of William H. Spitzer, to Briggs Branning and Edith Branning, his wife; they went into possession and control of the property.

On March 23, 1937, the plaintiff, Arthur W. Spitzer, filed a bill of complaint in partition wherein he claimed an undivided one-half interest in the property involved as the heir at law of William H. Spitzer, deceased, alleging, in effect, that the property involved constituted the homestead of William H. Spitzer at the time of his death and that the allotment of such property to the widow, who had elected to take a child's part, was without authority of law and of no force and effect insofar as that property was involved;

and that the devise by Helen M. Spitzer, the widow, to Briggs Branning and his wife, Edith Branning, constituted a devise of only an undivided one-half interest in the property and was the entire interest in such property vested in Helen M. Spitzer at the time of her death.

The answer set up two defenses. The first is that the order of the County Judge's Court entered on August 1, 1931, approving the commissioners' report which purported to vest the fee simple title to the entire homestead in the widow was a valid order and operated to divest the appellant of his title and interest in the homestead; and, second, that even if the order was not valid the complainant in the court below, appellant here, is estopped from asserting any interest in the homestead property because the complainant had full knowledge of the election of Helen M. Spitzer to take a child's part, was advised of the pendency of the proceedings whereby a child's part was allotted to her; that he knew the homestead was included in the child's part allotted to the widow and consented to and acquiesced in such allotment, and has, until the commencement of this suit, acquiesced in the administration of the remaining one-half of the estate of William H. Spitzer by the trustees and has received the fruits and benefits of the trustees and is still receiving such fruits and benefits.

The question of estoppel may be disposed of by saying that the appellees are not in position to plead estoppel. Whatever interest they may have in the property is not the result of their reliance upon the action or non-action of the appellant. Whatever they have involved in this suit exists because of the devise by will which is nothing more than a gratuity and, therefore, whether it be little or much they have assumed no position to their detriment because of any conduct of the appellant.

Neither do the appellees stand in the position in all re-

spects as that which was occupied by their donor or devisor further than as to the interest in the devised property which may have been subject to devise by the testate. As to title to real estate estoppel by acquiescence and without fraud or *affirmative* action is fixed by statute where one in adverse possession for a period of seven years claims under color of title and where one claims title only by adverse possession for a period of twenty years. Neither fraud nor affirmative action to the detriment of appellees is pleaded here.

If the County Judge was without jurisdiction to dispose of the homestead property of the decedent, no conduct of any party could confer jurisdiction in that regard.

It may be conceded that the County Judge has jurisdiction of all matters *cognizable* in probate of estates, but it does not follow that the County Judge has jurisdiction of any property not cognizable in probate. The appellees contend that the probate jurisdiction operates on the *res* and that the judgments therein are binding on the *rem*. If this be true, certainly the judgment would be binding only on the *rem* of which the probate court has jurisdiction.

It, therefore, follows that if the judgment of the probate court purports to bind the rem over which the court is without jurisdiction the judgment is not binding on such rem and is a nullity in that regard. The mere inclusion of the description of property in pleadings or orders in probate proceedings cannot confer jurisdiction of the *rem*.

Section 1 and 2 of Article X of our Constitution are as follows:

"Section 1. A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale

under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article."

"Section 2. The exemptions provided for in section one shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section."

Section 4 of Article X is:

"Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law."

We hold that the question as to whether or not the County Judge sitting as a court of probate may assume to adjudicate rights in homestead property is inferentially settled by the opinion and judgment of this Court in the case of Mott v. First National Bank of St. Petersburg, 98 Fla. 444, 124 Sou. 36, where we said:

"In respect to estates of decedents, the jurisdiction committed to the County Judge is confined to that of a court of probate, that is, for the establishment of wills and the ad-

ministration of such estates. Art. V. Sec. 17 of the Constitution provides that ' * * * The county judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary ' and of administration and guardianship, and to discharge the duties pertaining to courts of probate. * * * ' The county judge possesses no chancery power, unless the power is of such a nature, that it is a probate as well as a chancery power. Rich v. Bellamy, 14 Fla. 537, 542. In respect to his probate powers, the county judge exercises a general jurisdiction within a limited and defined sphere, but the jurisdiction so exercised by him is not that of a court of general jurisdiction according to the course of the common law. Epping v. Robinson, 21 Fla. 36, *idem* 24 Fla. 237, 4 So. R. 812." * * *

"The power to administer the estate of an intestate is committed to the county judge, but that officer is without power to determine who shall inherit as an heir under our laws of descent when that question is disputed, or to judicially ascertain and establish for that purpose the status in Florida of one who claims to be an adopted child of the intestate by virtue of a foreign adoption. An adjudication of these questions involves disputed rights in real property, a determination of which requires the interposition of a court of chancery or a court of general jurisdiction proceeding according to the course of common law."

"This proceeding is really a dispute between the widow and natural heirs on the one hand, and this petitioner on the other hand, as to the title to the real estate of which Samuel E. Doane died intestate. A county judge is without jurisdiction to try the title to real property. The title to real property is involved because if petitioner's status as an adopted child of Samuel E. Doane is competently established

in Florida, then by operation of our adoption statutes and statute of descent, title to the real estate of which Samuel E. Doane died intestate, descended, subject to the widow's rights, to the petitioner and natural children of Samuel E. Doane in coparcenary, instead of to the natural children alone. A competent determination of the petitioner's status therefore determines whether or not petitioner inherited title to an interest in decedent's real estate, the necessary result of a valid judgment being that one party would gain and another lose an interest in such real estate. See Barrs v. State ex rel., Britt, 16 So. R. 28. The proceeding therefore resolves itself into an attempt to try title to real property before the county judge sitting as a court of probate. Art. V. Sec. 11 of the Florida Constitution provides that the Circuit Courts shall have exclusive original jurisdiction 'of all actions involving the titles or boundaries of real estate.' "

Neither executors nor administrators have at any time in this State had any jurisdiction over the homestead of a deceased person. The homestead is in no wise an asset of the estate of a decedent. The functions of a commission appointed to set apart widows dower are the same as those of commissioners appointed to set apart a "child's part" to a widow pursuant to her election to take a child's part in lieu of dower or in lieu of taking under the terms of a husband's will except that the widow has dower rights in the homestead of which she cannot be deprived, unless she voluntarily relinquishes the same. See Moore v. Price, 98 Fla. 276, 123 Sou. 768.

In Serkissian v. Newman, 85 Fla. 388, 96 Sou. 378, we held:

"A widow who has a dower interest in real estate of her deceased husband is not a joint tenant, tenant in common nor in coparcenary with the children of the deceased. The statute gives her the privilege of taking a child's part in the

estate, in which case she is counted as a child and takes an interest in fee. She becomes in such case a tenant in coparcenary with the children of her husband."

In the case of Hedick v. Hedick, Administrator, etc., 38 Fla. 252, 21 Sou. 101, it was held:

"In a suit by an heir against the administrator of the estate of his ancestor for an account and distribution of the assets thereof, where it clearly appears from the proof, though not alleged in the bill of complaint, that such an ancestor was the head of a family residing upon a homestead in this State at the time of his death, but where he owned more than one tract of land, and the proof is indefinite as to which one of said tracts constituted such homestead, the case is in such condition that for lack of information, no court of equity can make a decree for an accounting by the administrator which, according to our Constitution and laws respecting administrators and homestead exemptions, will properly protect the interests of the heirs upon the one hand, and of the creditors of the estate upon the other hand."

In Donly, *et al.,* v. Metropolitan Realty & Investment Co., 71 Fla. 644, 72 Sou. 178, it was said:

"Considering the terms and purpose of the homestead provisions of the constitution, it is manifest that a judicial sale if necessary for purposes of partition among the beneficiaries of a homestead, is not included in the exemption from forced sale under process of any court. There is nothing in the constitution indicating a purpose that homestead property may not be partitioned even by judicial process if that be necessary to a complete enjoyment of the property by those upon whom it is cast by the statutes of the State upon the death of the owner of the homestead. The exemptions 'inure to the widow and heirs,' and not to the widow and minor children. See Miller v. Finegan, 26 Fla.

29, 7 South. Rep. 140; Godwin v. King, 31 Fla. 525, 13 South. Rep. 108. The purpose of the law is to exempt the homestead property from forced sale for the debts of the owner who is entitled to the exemptions, and not to deny to the beneficiaries of homestead exemptions, who may be adults with families of their own living away from the homestead, the right to a partition of the property where their interests demand it. See Faircloth v. Carroll, 137 Ala. 243, 34 South. Rep. 182; Kemp v. Kemp, 42 Ga. 523; Hager v. Nixon, 69 N. C. 108; Robinson v. Baker, 47 Mich. 619, 11 N. W. Rep. 410; Fight v. Holt, 80 Ill. 84."

So, under the Constitution and laws of this State, we hold that neither the widow nor the heirs may be deprived of their interest in the homestead by proceedings in the County Judge's Court for the allotment and setting apart of dower or by proceedings for allotment and setting aside a child's part to a widow who has elected to take a child's part in lieu of dower or in lieu of the provisions of the will. The title to the homestead descends to the widow taking a child's part and to the heirs of the deceased and neither can be lawfully divested of that title in such property, or acquire any better or different title in such property by proceedings in the County Judge's Court acting as a court of probate in the settlement of the estate of a decedent.

We have carefully considered the briefs submitted on behalf of all parties to this suit and have examined authorities cited by appellees, and especially the California cases to which we have been referred, but do not find them controlling in the law applicable to the case before us.

Appellees contend that because there was nothing filed in the probate court indicating that the lands involved in this suit, and which were by the probate court set apart as a child's part to the widow, constituted the homestead of the decedent, the allotment is valid. The answer to this is that

it was the duty of the widow making application for allotment to make this fact known and she could have no advantage occasioned by her own failure to make such fact known. And the further answer is that, if the probate court was without power to designate and set apart the homestead as the allotment of a child's part to the widow, no action or inaction by the parties to such proceedings could confer such power on the court.

Our conclusion is that the decree appealed from should be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

Reversed and remanded.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.