ARTHUR W. SPITZER v. BRIGGS BRANNING, *et ux.*

190 So. 516
Division A
Opinion Filed July 14, 1939

*Stanley Milledge,* for Petitioner;

*Hudson & Cason* and *J. Mark Wilcox,* for Respondents.

BUFORD, J.—This case is before us on application for writ of certiorari under the provisions of Rule 34 as amended becoming effective May 1, 1939, as follows:

"On and after May 1, 1939, it shall be competent for this Court, by certiorari, to require that there be certified to it for review and determination, with the same power and authority and with like effect as if brought up by direct appeal, any interlocutory decree rendered by a Circuit Court in this State sitting in chancery. It is accordingly required that beginning with May 1, 1939, all appeals from interlocutory decrees as authorized by Section 4961, Compiled

General Laws of 1927, shall be prosecuted to this Court by certiorari in the manner provided by Rule 27 of the Rules of this Court.

If on examination of the petition and the record, it affirmatively appears that the appeal is frivolous, was not taken in good faith, was taken for delay, or is without substantial merit, the writ will be denied or if having been issued, it will be quashed without opinion and the cost imposed on petitioner. Opinions on such appeals will be written only when required to settle the law of the case or when shown to be essential or necessary as a guide to the Court and litigants in subsequent steps in the cause."

Rule 27 as amended becoming effective February 15, 1939, provides, *inter alia:*

"All applications for writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and other writs necessary to the complete exercise of the jurisdiction of this Court as authorized by Section 5, Article V, of the Constitution shall be made as herein provided and may be heard any Tuesday at 9:30 A. M. provided five days notice of such application shall have been given to the adverse party or his counsel and proof thereof filed with the Clerk of this Court. Applications raising questions of fact which will require the taking of testimony to determine will not be entertained. If presented in person, no further oral argument on them will be permitted. Copy of every brief required under this rule shall be furnished the adverse party."

The petition so presented is granted, briefs have been filed and oral argument heard. The writ is granted and now we dispose of the question presented.

This is the second appearance of this case here. See Spitzer v. Branning, *et ux.,* 135 Fla. 49, 184 So. 770.

After the mandate went down pursuant to our opinion

and judgment, *supra*, the defendants filed amended answer and counterclaim.

The amended answer sets up no better defense than did the original answer. The defense sought to be interposed is one of fraud and estoppel. By way of alternative affirmative relief, defendants pray:

"That the plaintiff may be decreed to be barred from now asserting any claim to the property described in the bill of complaint as the homestead of William H. Spitzer, deceased, That the title to said property may be by the decree of this Court quieted in these defendants, or

"That the allotment of the properties of the estate of William H. Spitzer, deceased, may be reopened and amended so as to compensate these defendants, who have succeeded to the rights of Helen M. Spitzer, deceased, for the diminution of her estate which would result from the defendant's loss of a one-half interest in said homestead property, or

"That a re-allotment of the properties of the estate of William H. Spitzer, deceased, may be ordered by the Court and such other orders entered as equity and good conscience may require, and

"That the process of this Court may be issued to all of the following in order that they may be made parties defendant in this cause and that their rights and possible claims may be adjusted by the Court, to-wit: E. C. Romfh and First Trust Company of Miami, a corporation, as Trustees under the will of William H. Spitzer, deceased; First Trust Company, as Trustee under the will of Helen M. Spitzer, deceased; William H. Gold, as Trustee, Percy Branning; Lewis Branning and Women's Relief Association, Incorporated, of Miami, Florida, a corporation."

The prayer, together with allegations of the answer, was ordered by the Court to be treated as a counter-claim.

Complainants moved to strike portions of the answer and to dismiss the counter-claim.

The Court denied the motion and required the complainants to file reply to counter-claim. To that order writ of certiorari is directed.

Defendants claim of title to the homestead property is based on a codicil to the will of Helen M. Spitzer, which reads as follows:

"I, HELEN M. SPITZER, a resident of Miami, Dade County, Florida, being over the age of twenty-one years and of sound mind and disposing memory, do hereby make, publish and declare this as for and to be a codicil to my last will and testament dated the 23rd day of July, A. D. 1930, hereby ratifying and confirming all the terms, conditions and provisions of my said last will and testament except as the same is by this codicil modified and amended:

"First, I give, will, devise and bequeath unto Briggs Branning and Edith Branning, his wife, my home, the street address of which is 337 N. E. 26th Terrace and the legal description of which is lot 4, block 3 of Escottonia Park amended, per plat of said subdivision recorded in plat book 4, page 161, in the office of the clerk of the circuit court in and for Dade County, Florida, and I do further give, will, devise and bequeath unto Briggs Branning and Edith Branning, his wife, any and all household furniture, furnishings and other household equipment of which I may die seized and possessed wheresoever the same shall be located."

The codicil was effective to pass to the devisees named therein only such title as was vested in the testator in and to the real estate described therein, which was an undivided one-half interest therein. See Spitzer v. Branning, *et ux., supra.*

If defendants have expended sums of money on the pay-

ment of taxes, upkeep and improvements of the property they occupy the status of coparcerners in possession of the estate and are entitled to an accounting and settlement thereof, being credited in such accounting with the amount of expense so incurred and being charged with the use value of the property while in the exclusive possession thereof and the complainant and defendants respectively to be charged with one-half the difference.

The allegations and prayer for affirmative relief or counterclaim as follow:

"(13) If an undivided one-half interest in the said property should be awarded to the said Arthur W. Spitzer, the defendants Briggs Branning and Edith Branning will be deprived of one-half of the value of the said property which was devised to them by the said Helen M. Spitzer, and they will be entitled to be awarded properties equal in value to the undivided one-half interest in the said homestead property out of the funds and properties which were awarded under the aforesaid allotment to E. C. Romfh and First Trust & Savings Bank, as trustee under the will of the said William H. Spitzer, deceased.

"(14) At the time of the allotment of a child's part of the estate of William H. Spitzer to the widow, Helen M. Spitzer, as aforesaid, the plaintiff Arthur W. Spitzer well knew that lot 4, block 3, Escottonia Park aforesaid was the homestead of William H. Spitzer. Notwithstanding the fact that the said plaintiff knew said property to be homestead property, he consented to and agreed that the said property should be set aside as a part of the child's part allotted to the widow, Helen M. Spitzer. Said allotment was, therefore, made with the knowledge and consent of the plaintiff, who consented and agreed that said homestead property should be awarded to the widow, Helen M. Spitzer, as a part of her share of the estate of William H.

Spitzer. The said plaintiff thereby waived any and all right which he had, or may have had, in and to the said homestead, or any part thereof, and in return for his interest in said homestead property, the trust fund of which he was beneficiary under his father's will was increased by an amount equal to one-half the value of said homestead property.

"The conduct of the plaintiff, as hereinbefore alleged, constituted a fraud by the said Arthur W. Spitzer, who can not now be heard in a court of equity to disclaim the action of the commissioners in setting aside such property as a part of the allotment of a child's part to the said Helen M. Spitzer.

"To permit the plaintiff to retain the increased value of his share of said estate and at the same time recover one-half interest in the homestead property would be to permit the plaintiff to profit by his own wrong and fraud.

"(15) The plaintiff knew at the time the aforesaid allotment was made that the property now in controversy was, at the time of the death of William H. Spitzer, occupied by him as his home. But, notwithstanding said knowledge, the plaintiff made no objection to said allotment during the lifetime of Helen M. Spitzer. The plaintiff knew that said Helen M. Spitzer occupied said property during the remainder of his life after the aforesaid allotment and that she believed herself to be vested with the full fee simple title thereto; and thereby she was induced to relinquish and did relinquish to the trustees named in the will of William H. Spitzer her interest in certain of the assets and securities of the estate of William H. Spitzer which would have been allotted to her, had she not believed herself to be vested with a full fee simple title to the aforesaid homestead property. And furthermore by the aforesaid conduct of the plaintiff Arthur W. Spitzer, the said Helen

M. Spitzer was induced and misled in disposing of her property by will to devise the said homestead property, in the belief that it was hers, and to make disposition of the same as if it had been wholly hers. These defendants say that the said conduct on the part of the plaintiff Arthur W. Spitzer constituted a fraud against the said Helen M. Spitzer and that thereby he was estopped to assert against the said Helen M. Spitzer any claim to the said homestead, and therefore the said Helen M. Spitzer was entitled to devise the said homestead and having devised it to these defendants, they are entitled to the benefit of the estoppel which the said Helen M. Spitzer might have pleaded if she had lived.

"16. The plaintiffs, knowing the facts last above alleged, also knew that these defendants upon the death of the said Helen M. Spitzer, and upon the probate of her will, in good faith, believing themselves to be vested with a full fee simple title to the said homestead property, have moved upon and occupied the said property as their home. The plaintiff also knew, or by the exercise of the slightest diligence could have known, that these defendants were expending money for repair, upkeep and improvement of the said property; but nevertheless the plaintiffs made no objection, but stood by and for nearly six years permitted these defendants to act to their detriment as aforesaid and to execute a mortgage upon the said property as aforesaid.

"WHEREFORE because of the facts hereinbefore alleged and because of the plaintiff's failure during all the years that have elapsed between the aforesaid allotment and the filing of this suit to make known his objection to said allotment and because of his affirmative action in consenting to said allotment, the conduct of the plaintiff constituted a fraud upon these defendants and a fraud upon the mortgagee who accepted a mortgage from these defendants and

loaned them money on the security of the said mortgage and thereby the plaintiff has been guilty of laches.

"17. These defendants further say that in equity and good conscience the plaintiff ought not to be awarded a half interest in the aforesaid homestead property unless compensation to the extent that the aforesaid allotment to Helen M. Spitzer would be thereby diminished shall be made out of the trust funds which by the said allotment were awarded to E. C. Romfh and First Trust and Savings Bank, as Trustees, and that in order that the rights of all parties who had, or now have, an interest or a possible interest in the aforesaid allotment may be adjusted by the Court and in order that there may be a new or amended allotment of the property of the estate of William H. Spitzer, deceased, it is necessary that the said E. C. Romfh and the First Trust Company of Miami, a corporation, the name of which was formerly First Trust & Savings Bank, being the identical corporation named as a trustee and executor in the will of said William H. Spitzer, and William H. Gold as trustee, the mortgagee who took and still holds the above described mortgage executed by these defendants, should be made parties to this proceeding and likewise all the legatees and devisees named in the will of said Helen M. Spitzer should be made parties. The said legatees and devisees are in addition to these defendants: Percy Branning; Lewis Branning; Women's Relief Association, Inc., of Miami, Florida; and First Trust and Savings Bank, now First Trust Company, in its capacity as trustee under the will of said Helen M. Spitzer, deceased.

"WHEREFORE These defendants pray: That the plaintiff may be decreed to be barred from now asserting any claim to the property described in the bill of complaint as the homestead of William H. Spitzer, deceased.

"That the title to said property may be by the decree of this court quieted in these defendants, or

"That the allotment of the properties of the estate of William H. Spitzer, deceased, may be reopened and amended so as to compensate these defendants, who have succeeded to the rights of Helen M. Spitzer, deceased, for the diminution of her estate which would result from the defendants' loss of a one-half interest in said homestead property, or

"That a reallotment of the properties of the estate of William H. Spitzer, deceased, may be ordered by the Court and such other orders entered as equity and good conscience may require,"—cannot avail these defendants nor affect the title to the homestead property involved in this suit.

We do not mean to hold and do not now determine that E. C. Romfh and First Trust & Savings Bank as executors and trustees under the will of William H. Spitzer, deceased, and the same parties as executors and trustees under the will of Helen M. Spitzer, may not have a cause of action for recoupment from Arthur W. Spitzer by reason of the error apparently made in the setting aside a child's part of the estate to the widow dissenting from the will. These defendants, however, could in no way be held to be entitled to subrogation of the rights of such executors and trustees or any rights which Helen M. Spitzer may have had to a claim of recoupment for shortage in a child's part allotted to her which occurred by reason of an original allotment of property which was not subject to such allotment.

Arthur W. Spitzer does not take his interest in the homestead by allotment. He takes it as a child of the homestead owner and the title to his interest therein vested in him on the death of his father who was residing on same as his homestead at the time of his death. Such property was not subject to devise by will nor was it property in the

hands of either executors, trustees or administrators. In our opinion in this case, *supra*, we clearly stated:

"So under the Constitution and laws of this State, we hold that neither the widow nor the heirs may be deprived of their interest in the homestead by proceedings in the County Judge's Court for the allotment and setting apart of dower or by proceedings for allotment and setting aside a child's part to a widow who has elected to take a child's part in lieu of dower or in the lieu of the provisions of the will. The title to the homestead descends to the widow taking a child's part and to the heirs of the deceased and neither can be lawfully divested of that title in such property, or acquire any better or different title in such property by proceedings in the County Judge's Court acting as a court of probate in the settlement of the estate of a decedent.

"We have carefully considered the briefs submitted on behalf of all parties to this suit and have examined authorities cited by appellees, and especially the California cases to which we have been referred, but do not find them controlling in the law applicable to the case before us.

"Appellees contend that because there was nothing filed in the probate court indicating that the lands involved in this suit, and which were by the probate court set apart as a child's part to the widow, constituted the homestead of the decedent, the allotment is valid. The answer to this is that it was the duty of the widow making application for allotment to make this fact known and she could have no advantage occasioned by her own failure to make such fact known. And the further answer is that, if the probate court was without power to designate and set apart the homestead as the allotment of a child's part to the widow, no action or inaction by the parties to such proceedings could confer such power on the court."

So the order which we review is quashed and the cause

remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.