SHANNON, Chief Judge.
This is an appeal from an order entered in favor of the respondent-appellee in a habeas corpus proceeding.
Upon examining the record-on-appeal in the instant case, a question of this court’s jurisdiction became apparent — a question which was raised by neither party herein. Questions of jurisdiction, however, may be noticed by the appellate court ex mero motu. In re Estate of O’Neal, Fla. App.1962, 142 So.2d 315; Casey v. Smith, Fla.App.1961, 134 So.2d 846; Florio v. State ex rel. Epperson, Fla.App. 1960, 119 So.2d 305, 80 A.L.R.2d 1117.
The notice of appeal filed in the instant case is directed to an order or judgment of the circuit court which, according to the certificate of the clerk of that court, was filed for record on January 2, 1962, although the judge signed it on December 12, 1961. The notice of appeal bears the certificate of the clerk of the lower court indicating that it was filed and recorded in his office on December 11, 1961.
Then, on December 14, 1961, counsel for the parties filed with the clerk below the following stipulation:
“Comes now the Defendant, HELEN TOM, by and through her undersigned *227 attorney, joined by C. Ray Smith, Attorney for JOHNNY TOM, and hereby stipulate and agree that the Judgment Appeal from the above styled cause was the final Order of this Court entered on December 12, 1961, in the above styled cause. That Defendant inadvertently filed the Notice of Appeal prematurely in that the Lower Court had indicated the terms of its judgment and that the Plaintiff’s attorney had, on the 11th day of December, 1961, supplied the Defendant’s attorney with a copy of the same; however, the Final Judgment was actually entered in the Lower Court on December 12, 1961.”
Rule 3.2 subd. b, Fla.App.Rules, 31 F.S.A., reads as follows:
“Appeals from final decisions, orders, judgments or decrees shall be commenced within 60 days from the rendition of the final decision, order, judgment or decree appealed from, unless some other period of time for taking an appeal is specifically provided by statute or these rules.”
The vital word “rendition” is defined in Rule 1.3, Fla.App.Rules, as follows:
“ 'Rendition’ of a judgment, decision, order or decree means that it has been, reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been a timely and proper motion or petition for a new trial, rehearing or reconsideration by the lower court, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.”
In the case presently before us the notice of appeal was, unfortunately, filed prior to “rendition of the final decision, order, judgment or decree appealed from,” and cannot, therefore, confer jurisdiction upon this court. See State ex rel. Diamond Berk Ins. Agency, v. Carroll, Fla.1958, 102 So.2d 129, 131.
With regard to the stipulation set out above, it is sufficient to say that jurisdiction is not conferred by conduct of the parties. In re Estate of O’Neal, supra; and Spitzer v. Branning, 1938, 135 Fla. 49, 184 So. 770.
For the reasons stated, this appeal is dismissed ex mero motu.
KANNER and SMITH, JJ., concur.