Milton v. Milton, Executor.

CAROLINE MILTON, APPELLANT, VS. WM. H. MILTON, EXECU-
TOR, &C., APPELLEE.

1. Where the widow is entitled to dower in several tracts of land, she may be allotted dower in one tract equal in value to her interest in the whole.

2. Where such an allotment has been made for several years as to one tract, and other lands are subsequently discovered in which the widow has a right of dower, the first allotment will not be opened at the suit of the widow and against the consent of the executor, in order to have a new allotment under which she is to acquire additional interests in the first tract, as to which she has ceased to have any further right of dower.

3. Under the act providing the method of an assignment of dower, the proceeding is special and summary, in which no relief other than that specially authorized can be granted. If it is desired to call into operation the general powers of a court of equity, the proceeding must be by bill.

Appeal from the Circuit Court, First Judicial Circuit, Jackson County.

A statement of the case is contained in the opinion of the court.

*J. F. McClellan* for Appellant.

*Geo. S. Hawkins* for Appellee.

WESTCOTT, J., delivered the opinion of the Court.

In the year A. D. 1866, Caroline Milton, the widow of the late John Milton, filed her petition in the probate court of Jackson county, claiming dower in seventeen hundred and sixty acres of land of her late husband in said county. The court assigned to her four hundred acres of this land as her dower. Since these proceedings, Mrs. Milton has ascertained that she was entitled to dower in other lands of her late husband in the same county. In November, A. D.

1873, she filed this her petition in the Circuit Court, alleging the previous assignment in 1866, the subsequent discovery of the other lands, and stating that at the time she filed her first petition she "was unable with any certainty to set forth the lands of her husband in full." She prays that these subsequently discovered lands may be valued, and that to the extent of the value of her dower interest in them she may be given lands in the seventeen hundred and sixty acres in which she has already received dower, her desire being to have a new admeasurement of dower in the entire estate, and an allotment of her entire interest in one parcel or connected body of land.

The executor answered the petition, admitting the claim for dower in the newly discovered lands; objecting to the opening of the first assignment, and insisting that there is no right except as to the lands in which dower has not been assigned.

Upon the petition and answer, the court ordered an assignment of dower in the newly discovered lands and denied the prayer so far as it sought to open the previous assignment.

From this order this appeal is prosecuted. The error assigned is the refusal of the Chancellor to open the previous assignment and to carve out of the seventeen hundred and sixty acres an additional amount of land equal in value to her interest in the lands which subsequently came to her knowledge. The want of knowledge of the existence of her right in the lands discovered after the assignment, at the date of the assignment, is the ground upon which relief is sought in this case. Had the widow known of the existence of these lands at the date of the first assignment, it was no doubt within the power of a Court of Chancery to have allotted in one tract an amount of land equal to her interest in the whole. Can this be done now, against the consent of the executor, is the question presented for our consideration.

It certainly cannot be done by a petition under the sum-

mary method provided by statute for a simple admeasurement of dower, which is the method sought to be made available here. That is a special and summary proceeding, in which no relief other than that specially authorized by the act can be granted. If it is desired to call into operation the general power of a court of equity to open and set aside the former assignment upon the ground of mistake or fraud, the proceeding must be by bill. This is the rule in Alabama, where they have a similar statute. No objection of this kind having been urged, we deem it, however, not improper, in view of the conclusion we reach, to dispose of the question upon its merits. A court of equity is here asked to set aside a judgment of another court having complete jurisdiction both of the subject matter and the parties. The request is made by one of the parties to that judgment; that party was the plaintiff, and the judgment sought to be set aside is a judgment awarding the relief which was prayed for, and this relief was the full measure of her right upon the case made. Under this judgment, she recovered all the dower interest she had in this land, and was placed in possession of it as her several property, with a life estate. All the interest she ever had in the remainder was destroyed, and that remainder became subject to the trusts of the will and the rights of the devisees and creditors, and has so remained for a period of six or seven years.

As against the executor, who is the representative of these trusts and rights, she cannot now have an admeasurement of dower based upon a dower interest in this portion of the land, because at her own request a court of competent jurisdiction has divested her of all interest and she has no estate therein. There was no mistake, such as a court of equity would correct. Within the meaning of the authorities, there was in fact no mistake. There was simple ignorance of a right of dower in additional and other lands. This right of which she was before ignorant can now be enforced without affecting this previous judgment of the court

by an assignment of dower in the newly discovered lands. The Circuit Court could not in this collateral manner set aside the first assignment. No appeal having been prosecuted from the order or judgment assigning dower, it is conclusive between the parties, the widow and the executor. 17 John., 123.

The judgment is affirmed.