50 So.2d 539 (1951)
IN RE GINSBERG'S ESTATE.
GINSBERG
v.
GINSBERG.
Supreme Court of Florida, en Banc.
January 30, 1951.
Rehearing Denied February 24, 1951.
Daniel L. Ginsberg, Miami, and Harold Ungerleider, Miami Beach, for appellant.
Morehead, Pallot & Forrest, Miami, for appellee.
*540 CHAPMAN, Justice.
On September 22, 1948, Charles J. Ginsberg died testate in Dade County, Florida, leaving his widow, Annette Ginsberg, and four minor children. In due course the last Will and Testament of Charles J. Ginsberg was probated under an appropriate order of the County Judge of Dade County, Florida. Sydney Ginsberg, a brother of the decedent, was appointed Executor by Judge Blanton. Charles J. Ginsberg and wife, Annette Ginsberg, owned certain real property by the entireties valued at approximately $100,000.00 which is not involved in this litigation. An amended appraisal report fixed the value of the estate at the sum of $239,510.34, less the amount due by the estate for inheritance taxes.
It appears by the record that for various reasons the widow, Annette Ginsberg, dissented from the terms of the last Will and Testament of her late husband, Charles J. Ginsberg, as provided for by statute, and elected to take dower in lieu of the benefits of the several provisions of the last Will of her deceased husband. The Probate Court appointed Commissioners with power to fix the value of the Ginsberg Estate and to set apart therein the dower interest of the wife, as provided by Section 733.13, F.S.A.
The report of the Dower Commission filed September 22, 1949, contained the following:
"* * * The commissioners ascertained that it would not be to the best interests of the estate to subdivide said real estate, as it is indivisible without greatly reducing its value, and it would not be advisable to sell it at this time. The real estate which is subject to dower is described and valued by the appraisers as follows:
"A one-half (1/2) interest in the east 1.78 feet of lot 9, and lots 10 to 20, inclusive, of Nelson's Villa, Garden of Eden Subdivision, as shown by plat recorded in plat book 30, page 20, of the public records of Dade County, Florida, valued at............... $73,871.50
"The appraisers' report and the records of the executor also show that the following described assets are to be considered as part of the estate in making the assignment of dower:

 "500 shares of stock in Nash-Kelvinator
 Corporation,
 appraised at ..................... $4,312.50
 "1 share of stock in Venetian
 Realty Company, appraised
 at ............................... 6,006.25
 "10 shares of stock in Nash
 Miami Motors, Inc., appraised
 at ............................... 67,043.23

"The appraisers' report on file in this court also shows certain mortgages, notes, and cash on hand, valued at $70,709.05. Taking into consideration the foregoing valuations, as shown by the appraisers' report on file in this court, and the additional cash of $17,567.81 above mentioned, the commissioners find that the estate to be considered in the assignment of dower amounted to $239,510.34, as of the date of the death of the deceased, the date fixed by statute for the determination of dower values."
Pertinent here is the following language of the report above referred to:
"* * * The widow was present and requested the commissioners to assign the dower so as to give her a larger portion of the stock in the two corporations, known as Nash Miami Motors, Inc., and Venetian Realty Company, in order that she might have equal ownership in these corporations with the other stockholders. The widow is willing to have her interest in the remainder of the estate decreased proportionately, so that she would receive no more than one-third of the entire value.
"The commissioners have taken into consideration the best interest of the estate and of the widow and the minor children, and, after due consideration, have reached the conclusion that the widow's dower should be assigned to her in the following manner:

 "Value of estate at date of
 death, as shown by report
 of appraisers ....................... $231,442.53
 "Additional cash above mentioned ...... 17,567.81
 ___________
 $249,010.84

*541
 "Less: value of lot included
 in report of appraisers,
 which commissioners
 have ascertained to be
 an estate by the entirety 9,500.00
 ____________
 "Assets subject to dower ............ $239,510.34
 =============
 "Dower share  one-third ...... $ 79,836.78
 "Assets recommended
 as
 dower by commissioners:
 "1 share Venetian
 Realty Company ........ $ 6,006.25
 "10 shares Nash
 Miami Motors,
 Inc. .................. 67,043.23
 ___________
 "Total .............................. $73,049.48."

An amended report in minor details from the one dated September 22, 1949, was filed. Objections by the executor to its approval for various reasons were filed and denied by the County Judge of Dade County. The amended order of the County Judge dated January 9, 1950, fixed the value of the estate at the sum of $235,247.14 and the one-third dower share was fixed at the sum of $78,749.04. The dower of the wife by the order was shown by the following paragraph:
"3. That the one share of stock of the Venetian Realty Company valued at $6006.23, the ten shares of stock of the Nash Motor's, Inc. valued at $42,236.24 and the $27,106.55 in cash less the sum of $4,593.07, which is the amount of Federal and State Estate taxes which are apportionable to the dower interest, be paid over, delivered and set aside to Annette Ginsberg, widow of Charles Ginsberg, deceased within ten days in payment of the final judgment for dower."
On appeal to the Circuit Court, it was contended that the order was erroneous as it failed to allot to the widow one-third in fee simple of the real estate owned by Charles J. Ginsberg at the time of his death, as provided by Section 731.34. The Court's order, it was further contended, was clearly in contravention of the plain mandates of said Section, as she was entitled under Section 731.34 to only one-third of the personal property owned by the husband at the time of his death. The Circuit Court affirmed the order of the County Judge's Court. The executor appealed to this Court.
Section 731.34, F.S.A., provides for the widow's dower and pertinent language thereof is viz:
"Whenever the widow of any decedent shall not be satisfied with the portion of the estate of her husband to which she is entitled under the law of descent and distribution or under the will of her husband, or both, she may elect in the manner provided by law to take dower, which dower shall be one-third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law, and one-third part absolutely of the personal property owned by her husband at the time of his death, and in all cases the widow's dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration, but her dower shall be ratably liable with the remainder of the estate for its proportionate share of the estate and inheritance taxes due by the estate of her deceased husband; provided, that nothing herein contained shall be construed as impairing the validity of the lien of any duly recorded mortgage or the lien of any person in possession of personal property. * * *"
We have previously held that dower is a creature of statute. It presumes a valid lawful marriage and becomes vested upon death of the husband when the wife survives. Section 731.34, supra, defines the dower of a surviving wife to which she may be entitled upon the death of her husband as "one-third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law" and "one-third part absolutely of the personal property owned by her husband at the time of his death * * *."
*542 The above statutes recognizes as a widow's dower a one-third interest in the real property in fee simple and a one-third interest in the personal property owned by the husband at the time of his death. The method of admeasurement or allotment of dower, as reflected by the record, failed to assign to the widow a "one-third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law". Likewise, she received a greater interest in the husband's personal property than authorized by Section 731.34, F.S.A. It is a fundamental rule in statutory construction that the intention of the Legislature in the enactment of a statute should be ascertained and effectuated. The legislative intent is the essence and vital force of a statutory enactment. Getzen v. Sumter County, 89 Fla. 45, 103 So. 104.
The judgment appealed from is reversed with directions for further proceedings not inconsistent with the views herein expressed.
SEBRING, C.J., and THOMAS, HOBSON and ROBERTS, JJ., concur.
TERRELL and ADAMS, JJ., dissent.
ADAMS, Justice (dissenting).
This appeal is from a judgment of the Circuit Court affirming an order of the probate court in which dower was awarded the widow who had dissented from the will of her late husband.
The will of Charles Ginsberg was admitted to probate naming his brother, Sydney Ginsberg, executor. The estate consisted of real and personal property.
For reasons sufficient unto herself the widow dissented from the will and claimed dower. Dower commissioners were appointed. The widow asked that her entire dower be awarded from the personal property. The commissioners heard all the interested parties, considered the interest of the minor children, the nature of the estate and concluded that the widow's request should be granted and allotted her dower from the personalty only. The report and recommendation of the commissioners were approved by the probate court, the effect of which was to allot a full one-third of the entire estate to the widow from the personalty only. This was approved on appeal on the Circuit Court and the only question on this appeal is whether this award was proper.
Dower in this state shall be one-third in fee of the realty and one-third of the personalty. Section 731.34, Fla. Stat. 1941, F.S.A.: "* * * which dower shall be one-third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law, and one-third part absolutely of the personal property owned by her husband at the time of his death, * * *."
The burden of the appellant seems to rest upon the premise that the widow's action runs counter to the testator's desire. This is a fallacious position. The widow's dissent and election to take dower springs from her disagreement with the terms of the will. The above statute grants her that right.
The claim of dower by the widow is for her own benefit and this Court was held that with her consent the commissioners may award more than a third in some portions of the estate and less in others. See Milton v. Milton, 14 Fla. 369; Moore v. Price, 98 Fla. 276, 123 So. 768.
The grant of dower herein was at the widow's request. Her wish is entitled to much consideration although the actual award is a judicial matter to be made by the probate judge who acts upon the recommendation of the dower commissioners. It bears the approval of all the commissioners, the probate judge and the Circuit Court.
TERRELL, J., concurs.