HENDRY, Judge.
This appeal seeks review of a judgment of dower and order assigning dower entered by the County Judge’s Court of Dade County. The judgment, allotment and award were in favor of Mary E. Coffey, the widow of Harry E. Coffey, deceased, in each and every item and parcel of property owned by the deceased at the time of his death. Included in the award were two hundred, twenty-five bonds of Imperial Apartment Hotel, Inc., each in the principal amount of $1,000, two hundred of which were pledged as security for the payment of a $100,000 *569 loan made by the appellants to the decedent. Appellants’ objection to the inclusion of the bonds in the award is the basis of this litigation.
There is no dispute as to the facts out of which this litigation arose. On May 15, 1961 the appellants, as pledgees, and Harry E. Coffey, as pledgor, entered into a pledge agreement conceiving the pledging of the above mentioned bonds. The appellants and the appellee’s husband, Mr. Coffey, were at one time the owners of four lots in Miami Beach, upon which the Imperial Apartment Hotel was to be constructed. The property was subject to a $300,600 mortgage indebtedness which was paid off by transferring the indebtedness to other property owned solely by the appellants. Mr. Coffey agreed that he would, no later than February 27, 1963 pay unto the appellants the sum of $100,000 as his share of the principal debt secured by the mortgage.
Thereupon, the four lots upon which the hotel was to be constructed were transferred to Imperial Apartment Hotel, Inc. Bonds were issued by the corporation, $225,000 of which were issued to Mr. Coffey. Two hundred of these bonds were in turn pledged by him as security for the payment of his $100,000 indebtedness to the appellants, pursuant to an escrow agreement under which the appellants’ attorneys were named escrow agents.
The pledgor, Mr. Coffey, died testate in July, 1962. His will and codicil were duly admitted to probate and his widow, Mary E. Coffey and Lewis H. Wintz were qualified as co-executors. Appellants each filed claims of $50,000 in the estate. No payment having been made on the indebtedness and the same having become past due on February 27, 1963, the escrow agents, as provided in the escrow agreement, gave notice to the co-executors of their intention to conduct a collateral sale on April 29, 1963.
On April 1, 1963 the co-executors and the appellants entered into an agreement extending the time of sale from April 29, 1963 to October 1, 1963. The collateral sale was held on October 1, 1963. The collateral was sold to the appellants for $50,000, their bid being the highest and best offer. There remained a deficiency of $50,000 plus interest and costs.
Prior to the holding of the collateral sale and prior to the debt becoming due, the co-executors petitioned the court for leave to make partial distribution as to two automobiles, to-wit: a 1955 Cadillac and a 1959 Chevrolet, which had been left to the widow under the will. The court finding it to be in the best interest of the estate, ordered such distribution to the widow.
Soon after the collateral sale was held on October 1, 1963, the widow, having received partial distribution under the will, filed an election to take dower in the estate. Upon the widow’s petition for assignment of dower in the entire estate, the court entered its judgment of dower and order assigning dower. By such judgments and order, the widow was granted dower in each and every item of property owned by the deceased at the time of his death which included the pledged bonds and the automobiles previously distributed.
On the date the election to take dower was made, the sale of the collateral had been made and the pledged bonds had been received by the appellants, pledgees.
There are two questions for our consideration: (1) Does a widow waive her right to claim dower against the will after she has had partial distribution under the terms of the will; (2) Does the county judge’s court have jurisdiction to assign dower when there is a claim by a third party adverse to the estate ?
We are of the opinion, and so hold, that the widow did not waive her right to elect against the will by taking a partial distribution pursuant to the provisions of the will. Initially, it may appear to be rather unjust to permit such inconsistent behavior as electing against the will at the same time that one is talcing under the will.
*570 The applicable law and rationale therefor are amply set forth in a student note in 3 Fla.L.Rev. 214, 216 (1950):
“Some present statutes require a widow to dissent from her husband’s will within a limited period and in a specific manner, but do not require her formally to elect to take under the will. These are interpreted in some states to allow her, during the statutory period, to revoke any acceptance of benefits under the will provided her acceptance has not induced action by third parties that would create an estoppel. This interpretation constitutes an exception to the common law rule. In Florida, our statute is essentially of this type, and the Florida Court is to date committed to adherence to this exception. [Citations omitted.] Its rationale is that these statutes require the widow affirmatively to elect dower. No such affirmative action is required in order to take under the will; she merely abstains from electing dower. The result is that if she chooses dower her choice is an election, and she is thereafter precluded from taking under the will. If, however, she takes under the will, she may later revoke her choice within the statutory period and elect dower, provided the rights of third parties have not been prejudiced so as to create an estoppel.”
In the instant case there is nothing before us to indicate that appellants have been prejudiced by the widow’s failure to take dower sooner. The county judge correctly included the automobiles previously distributed as part of the husband’s estate for purposes of assigning dower so that there was an effectual return of this property, and we are not confronted with the problem of the widow collecting twice. Accordingly, the widow was not estopped from her statutory right of electing against the will.
We now turn to the more difficult problem of the jurisdiction of the county judge’s court in assigning dower. The county judge’s court has general probate jurisdiction,[1] a part of which is the assignment of dower.[2] The extent of this jurisdiction can sometimes be rather troublesome. We think an analysis of the historical development of the decisional law might be of some aid in resolving the issue of jurisdiction.
The early development of the law in the area was succinctly outlined by Judge Shannon in In re Feldman’s Estate, Fla.App. 1959, 109 So.2d 407. The status of the law, as of that time, was that the county judge’s court had no jurisdiction to determine the question of title to property when a third party not claiming under the will asserted a claim adverse to the estate. In other words, if both contestants are basing their claim to the property by virtue of the will, then the county judge may resolve this dispute. Judge Shannon pointed out this distinction with the following statement:
“To further explain this distinction made in Coleman’s Estate [Fla.App. 1958, 103 So.2d 237] we would stress the phrase ‘claiming as such’ in the sentence setting out the exception in Lawrence’s Estate [Fla. 1950, 45 So.2d 344]. This qualification makes it clear that the author of the Lawrence opinion had in mind those questions involving real property which probate judges have always handled, and about which there has never been any serious doubt, (See In re Monk’s Estate [155 Fla. 240, 19 So.2d 796 (1944)], such as construing ambiguous devises of realty in wills, ordering the sale of realty to meet expenses of a decedent’s estate, setting out widow’s dower in real property, etc. To be a beneficiary ‘claiming as such’' you must be claiming by virtue of a will or by statute, and in such cases the county judge’s jurisdiction obtains. However, in Coleman’s Estate, while the claimants were beneficiaries their disputed claims were based not on the will, or on any statutorily conferred! *571 right, but upon instruments extrinsic to the usual probate proceeding, hence they were not beneficiaries ‘claiming as such.’ ” [Emphasis supplied.] 109 So. 2d at 412.
In Feldman, supra, the second district held that the county judge had no authority to ■determine the validity of an agreement between the heirs and the widow in regard to the settlement of the estate.
“Although a county judge, sitting as a judge of probate, has quasi administrative power to make an administrative finding of what assets belong to the estate for the purpose of assigning dower to a widow, any dispute between the widow and third parties as to title to property claimed to belong to the estate lies exclusively within the jurisdiction of a court of equity. [Citation omitted.] The power to impose a •constructive or resulting trust on assets •belonging to the estate is likewise a matter cognizable only in a court of equity. [Citation omitted]” Moskovits v. Moskovits, Fla.App.1959, 112 So.2d 875, 879.
This case referred to the “quasi administrative power” of the county judge in determining what assets “belong to the estate”. It would seem that the court in Moskovits is limiting more strictly the jurisdiction of the probate court than the court did in Feldman. Feldman spoke of the probate court’s traditional jurisdiction in setting out widow’s dower in real property, while in Moskovits the court speaks in terms of the “quasi administrative power” of the probate court to “make an administrative finding of what assets belong to the estate for the purpose of assigning dower to a widow”.
The second district construed the Coleman case to exclude controversies involving claims to personal property from the jurisdiction of the county judge’s court in In re Brown’s Estate, Fla.App.1961, 134 So.2d 290. In Brown, the court determined that the county judge had no authority to assign dower in a fund which the decedent's client was claiming the decedent held in trust for it. The court decided this case on the specific ground that the county judge could not determine if this property was subject to dower because a third party claimed title to it. Specifically the court stated:
“As the Supreme Court said in In re Lawrence’s Estate, supra, this statute provides that ‘the proceedings upon any petition for the assignment of dower shall be informal and summary.’ It ‘contemplates a quasi-administrative power to make a finding, for administra'<• tive purposes of which assets belong to the estate,’ and ‘the allotment of dower, under ordinary circumstances.’ As used therein ‘the words “all property” must have reference to “decedent’s estate,” ’ and would not include property held by decedent in a fiduciary capacity.
“An earlier statute on assignment of dower provides that ‘The proceedings upon * * * petitions for dower shall be in a summary way * * *.’ Thompson’s Digest, 186, McClellan’s Digest 477. In Milton v. Milton, 14 Fla. 369, the Supreme Court referred to this statute, as ‘a special and summary proceeding in which no relief other than that specially authorized by the act can be granted.’ This construction was followed in Godwin v. King, 31 Fla. 525, 13 So. 108, and is equally applicable to the statute we are considering. The language of Section 733.12, Fla.St.1959, F.S.A., evinces no intention, on the part of the legislature, to confer jurisdiction upon the county judge’s court to determine controversies between an estate and strangers thereto as an incident to the assignment of dower.
“In reaching the conclusion just expressed, we have not overlooked that Section 733.12, Fla.St.1959, F.S.A., does differ in two respects from the statute under consideration in Milton v. Milton, supra, and Godwin v. King, supra. It confers plenary jurisdiction to assign dower, and it authorizes the empanelling of a jury to admeasure the dower.
*572 These provisions show no intent to enlarge the jurisdiction of the county judge’s court to determine controversies such as the one between appellant and appellee, nor could they do so, for that would bring the statute into conflict with Section 6(3) of Article V of the Constitution.” 134 So.2d at 296.
This line of cases was adhered to in In re O’Neal’s Estate, Fla.App.1962, 142 So.2d 315,[3] by holding that the probate court had no jurisdiction to consider a controversy between the executor and a third party as to who owned the business in which decedent had engaged. In so doing, the court shed some light on the “administrative powers” which previous decisions had attributed to the county judge’s court.
“The Probate Court did have the power to make findings for administrative purposes on some of the matters presented to it by the petitions. Findings for administrative purposes involves only instructions and directions to the personal representative pertaining to matters of the estate concerning the personal representative, the widow’s dower, the assets of the estate, or the rights of those claiming under the Will or claiming as heirs at law. Such administrative purposes do not include an adjudication of the rights or property interests of a person claiming adverse to the estate.” 142 So.2d at 318.
It appears from the record before us that there are issues involving title to the testator’s property which were raised by strangers to the estate, not claiming under the will. In view of the decisional law above cited, we hold that the county judge was without jurisdiction to determine the right of dower of the widow in these bonds as against the claim of appellants.
Accordingly, the order assigning dower is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.

. §§ 36.01 & 732.01, Fla.Stat., F.S.A.

. § 731.35,Fla.Stat., F.S.A.

. Accord Lambeth v. Capell, Fla.App.1962, 146 So.2d 386.