ON REHEARING
PER CURIAM.
In our opinion we held that the trial court correctly denied appellee’s motion to dismiss appellant’s petition for assignment of dower filed in Walton County on June 18, 1973. We expressly held that F.S. 731.35(4) which became effective January 1, 1972, would not be applied retroactively. In the petition for rehearing, appellee claims that F.S. 731.35(4) is to be applied retrospectively, as evidenced by the following language contained within the statute: “This subsection shall apply even though the decedent died prior to its effective date, but no dower shall be barred because of the subsection if *30 the instrument is filed for record before January 1, 1973.”
While acknowledging the above-quoted language, we also note the general rule of statutory construction that retroactive or retrospective statutes will be invalid if they impair the obligation of contract or vested rights. (30 Fla.Jur., “Statutes”, Section 150) F.S. 731.35(4) applies to dower. Although an inchoate right of dower is not a vested right (see Ryan v. Ryan, Sup.Ct. Fla.1973, 277 So.2d 266), the right to claim dower becomes vested on the death of the husband. (In Re: Ginsberg’s Estate, Sup. Ct.Fla.1951, 50 So.2d 539). Rather than construing the statute involved herein in such a way as would force us to hold the statute invalid as impairing a vested right, we interpret the statute to mean that it will not apply where the original claim of dower was made prior to the effective date of the statute. Sub judice, the statute became effective January 1, 1972. The original petition for assignment of dower was filed in August of 1970: Therefore, since F.S. 731.-35(4) would not apply to the case sub judice, we adhere to our prior conclusion that the trial court was correct in denying appellee’s motion to dismiss the petition for assignment of dower.
BOYER, C. J., McCORD, J., and LEE, THOMAS E., Associate Judge, concur.